UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL RENOWITZKY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A, et al.,<br><br>Defendants. | Case No. 15-cv-05042-JCS<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 28, 31 |

## I. INTRODUCTION

Plaintiffs Carl Renowitzky and Pauline Gallegos bring this action alleging that Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West, LLC ("NDeX") wrongfully foreclosed on property that Plaintiffs resided at or owned. Defendants each move to dismiss Plaintiffs' First Amended Complaint. The Court held a hearing on June 3, 2016. For the reasons discussed below, Defendants' Motions are GRANTED, and the First Amended Complaint is DISMISSED with leave to amend. Plaintiffs may file a second amended complaint addressing the deficiencies discussed in this Order **no later than July 13, 2016**.[1]

## II. BACKGROUND

### A. Allegations of the First Amended Complaint

Plaintiffs filed an initial Complaint pro se, but later obtained counsel and filed their operative First Amended Complaint ("FAC," dkt. 7). The First Amended Complaint alleges that Plaintiffs owned and/or resided at property located at 26473 Palomares Road, Castro Valley, California (the "Property"), which was subject to a first-lien mortgage serviced by Wells Fargo. FAC ¶¶ 10, 11. On April 17, 2015, Wells Fargo's attorney Dean Reeves informed Plaintiffs that

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

Plaintiffs' application for a modification of their mortgage was under review. *Id.* ¶ 12. Three days later, however, NDeX sold the Property at a foreclosure sale. *Id.* ¶ 15. NDeX "discouraged or prevented competitive bidding on the Property, causing the Property to be sold for less than its market value and stripping Plaintiffs of their equity in the Property." *Id.* ¶ 17. Wells Fargo acquired the Property at the foreclosure sale as the foreclosing beneficiary. *Id.* ¶ 18.

Neither NDeX nor Wells Fargo gave Plaintiffs notice that the Property would be sold on the date that it was. *Id.* ¶¶ 14, 15. If Plaintiffs had received such notice, they allege that they would have raised the funds necessary to reinstate their mortgage and avoid the foreclosure sale. *Id.* ¶ 16.

The First Amended Complaint includes four claims: (1) deceit; (2) a claim to set aside the foreclosure sale for violations of California Civil Code sections 2924, 2924f, 2924g, and 2924h; (3) wrongful foreclosure; and (4) unlawful and unfair business practices under California's Unfair Competition Law ("UCL"). *See id.* ¶¶ 19−40. Plaintiffs seek to set aside the trustee's sale of their property, recover the property as restitution, and recover compensatory and exemplary damages (including for emotional distress), attorneys' fees, and costs. *Id.* at 6−7 (prayer for relief).

### B. Facts Subject to Judicial Notice

Both Defendants request judicial notice of a number of documents on the basis that they are public records not reasonably subject to dispute, among other theories. *See generally* NDeX RJN (dkt. 29); Wells Fargo RJN (dkt. 32). Such documents purport to show, for example, that Renowitzky and his then-wife Michelle Renowitzky transferred to Property to Gallegos in 2007, NDeX RJN Ex. 2, that NDeX provided initial notice of a foreclosure sale to take place nearly one year before the sale actually occurred, *id.* Ex. 5, that Gallegos filed two bankruptcy actions that were subsequently dismissed, *id.* Exs. 7−11, and that Plaintiffs filed a previous action against Defendants in state court that was eventually dismissed with prejudice, *id.* Exs. 12−15. *See also* Wells Fargo RJN Exs. J, L−P.

Plaintiffs object to the Court taking judicial notice of the truth of public records, rather than their mere existence, and argue that Gallegos's bankruptcy records are irrelevant. Opp'n to NDeX (dkt. 37) at 3−4, 9; Opp'n to Wells Fargo (dkt. 26) at 3. NDeX responds that the Court

1   may take notice of a document's "legally operative language" and "adjudicative facts" under both
2   California and federal law, and that Gallegos's purported bad faith in previously obtaining
3   bankruptcy stays is "certainly relevant" to her equitable claims under state law. NDeX Reply (dkt.
4   38) at 2−4. As is relevant to the present Motions, the Court takes judicial notice that Plaintiffs
5   filed an action related to the Property against Defendants in state court on July 21, 2014 (NDeX
6   RJN Ex. 12), that Plaintiffs filed an amended complaint in that action on December 10, 2014, (*id.*
7   Ex. 13; Wells Fargo RJN Ex. L), and that a judgment of dismissal with prejudice was entered on
8   May 27, 2015 (NDeX RJN Ex. 15; Wells Fargo RJN Ex. P). *See Harris v. County of Orange*, 682
9   F.3d 1126, 1131−32 (9th Cir. 2012).

### C. NDeX's Motion to Dismiss

NDeX moves to dismiss Plaintiffs' claims against it on four grounds: (1) as a successor mortgage trustee, its duties and potential liabilities are strictly limited, and do not give rise to Plaintiffs' claims, NDeX Mot. (dkt. 28) at 11–12; (2) Plaintiffs' claims are barred by *res judicata* as a result of the state court action, *id.* at 12–14; (3) Plaintiffs' claims for deceit and unlawful or unfair business practices do not allege fraudulent or other wrongful conduct by NDeX, and do not satisfy the heightened pleading standard of Rule 9(b), *id.* at 15–17; and (4) Plaintiffs' claims for wrongful foreclosure and to set aside the trustee sale must be dismissed because Plaintiffs have not adequately alleged either defects in the sale or prejudice, and because Plaintiffs have not tendered the amount due, *id.* at 17–19. NDeX requests judicial notice of various documents related to the mortgage and the foreclosure sale, as well as records from Gallegos's bankruptcy proceedings and the state court action. *See generally* NDeX RJN.

Plaintiffs respond that *res judicata* does not apply here because their claims in this case arose after they filed the state court action. Opp'n to NDeX (dkt. 37) at 4. They argue that NDeX had a statutory duty—although the Opposition fails to specify any statute—to notify Plaintiffs of the foreclosure sale date, and that its failure to do so gives rise to a claim for deceit or fraud. *Id.* at 4−5. Plaintiffs contend that they have adequately alleged prejudice because they claim that they would have raised funds to reinstate their mortgage if they had known when the sale was occurring. *Id.* at 6 (citing FAC ¶¶ 16, 17). They also argue that they were excused from any

United States District Court
Northern District of California

1  requirement to tender the amount due because NDeX's failure to give notice of the sale date
2  rendered the sale void, and that, regardless, their claim for wrongful foreclosure (as opposed to the
3  separate claim to set aside the foreclosure) does not require any tender. *Id.* at 5−7 (citing, *e.g.*,
4  *Ram v. OneWest Bank, FSB*, 234 Cal. App. 4th 1, 11 (2015)). As for their UCL claim, Plaintiffs
5  argue that they have adequately alleged: (1) that NDeX "violated a number of [its] statutory
6  obligations"; (2) that Plaintiffs "were in fact deceived" by NDeX's failure to notify them of the
7  foreclosure sale; and (3) that NDeX's conduct violated the "unfair" prong of the statute regardless
8  of which test the Court applies. *Id.* at 7−8. Plaintiffs also argue that NDeX is a necessary party,
9  and that if the Court grants NDeX's Motion, it should also grant Plaintiffs leave to amend. *Id.* at
10 8.

11         NDeX concedes in its Reply that the state court judgment has no preclusive effect because
12 the facts alleged here arose after Plaintiffs filed that action. NDeX Reply (dkt. 38) at 9. NDeX
13 argues, however, that it did, in fact, provide notice of the initial date of the foreclosure sale, which
14 was set for April 28, 2014. *Id.* at 4 (citing NDeX RJN Ex. 5 (Notice of Trustee's Sale)).
15 According to NDeX, Plaintiffs' claim is based on alleged lack of notice that the sale had been
16 rescheduled to April 20, 2015—nearly a year after the initial date—and although California Civil
17 Code section 2924(a)(5) provides that such notice is required under some circumstances, that
18 statute makes clear that failure to provide notice is no basis to invalidate a sale. *Id.* at 4−5. NDeX
19 contends that this distinction prevents Plaintiffs from invoking the void sale exception to the
20 requirement that they tender the amount due. *Id.* at 7−8. NDeX also argues that Plaintiffs have
21 not alleged that NDeX had *exclusive* knowledge of the postponed sale date, that Plaintiffs could
22 not have learned of the date through reasonable diligence, or that NDeX benefited from failing to
23 disclose the date. *Id.* at 6−7. Finally, NDeX contends that Plaintiffs inappropriately conflate
24 NDeX's and Wells Fargo's conduct, and that any allegations of NDeX's misconduct in conducting
25 the foreclosure sale are too conclusory to sustain a claim. *Id.* at 8−9.

26         **D.    Wells Fargo's Motion to Dismiss**
27         Wells Fargo contends as a starting point that Renowitzky cannot bring any of the claims in
28 this action because Gallegos, not Renowitzky, was the sole borrower on the deed of trust for the

4

1    Property, and the only allegation as to Renowitzky's interest is that both Plaintiffs were "owners
2    and/or residents" of the Property. Wells Fargo Mot. at 3. Like NDeX, Wells Fargo also moves to
3    dismiss based on *res judicata* arising from the state court action. *Id.* at 4−6. Wells Fargo goes on
4    to argue that both the litigation privilege and the common-interest privilege bar Plaintiffs' claims
5    under California law. *Id.* at 7−10.

6          Turning to Plaintiffs' specific claims, Wells Fargo contends that Plaintiffs have not
7    satisfied Rule 9(b)'s heightened pleading standard with respect to their claim for deceit, and "do
8    not even allege that the representation about their application for loan modification"—i.e., that it
9    was under review—"was not true." *Id.* at 10−11. According to Wells Fargo, the allegations of the
10   First Amended Complaint do not give rise to any duty to disclose the sale date, and Plaintiffs have
11   not adequately alleged their justifiable reliance on Wells Fargo's purportedly misleading
12   representation or omission. *Id.* at 11−13. Wells Fargo argues that Plaintiffs' claim to set aside the
13   trustee's sale must be dismissed for failure to tender the amount due and failure to allege
14   prejudice, and because the language of the trustee's deed serves as prima facie evidence of
15   compliance with California law (*see* Wells Fargo RJN Ex. K) and the statute at issue does not
16   provide for invalidation of an otherwise proper sale. *Id.* at 13−15. Wells Fargo also argues that
17   Plaintiffs have not alleged that the postponement exceeded ten days, as would be required to
18   trigger a notification requirement under Civil Code section 2924(a)(5), and that Plaintiffs'
19   allegations regarding the manner in which the sale was conducted are conclusory. *Id.* at 14. Wells
20   Fargo contends that the claim for wrongful foreclosure lacks specificity and again fails to allege
21   that Plaintiffs tendered the amount due. *Id.* at 15−16. As for Plaintiffs' UCL claim, Wells Fargo
22   argues that Plaintiffs have not adequately alleged a predicate fraudulent or unlawful act, and that
23   Plaintiffs lack standing because any harm that Plaintiffs suffered was caused by their own failure
24   to pay their mortgage, not by Wells Fargo's conduct. *Id.* at 18−19.

25         Plaintiffs contend that Renowitzky is a proper plaintiff because they allege that both he and
26   Gallegos "were owners and/or residents of the property and that they lost equity and possession of
27   the property as a result of the foreclosure." Opp'n to Wells Fargo (dkt. 36) at 3. They also argue
28   that there is no "admitted evidence" to show that Gallegos was the only borrower on the mortgage,

1  and even if that were so, Renowitzky could conceivably still bring a claim as a successor to the
2  borrower. *Id.* at 4.

3        As in their Opposition to NDeX's Motion, Plaintiffs argue that *res judicata* does not apply
4  here because the operative facts arose after they filed their state court action. *Id*. They contend
5  that the litigation privilege does not apply because it is not apparent from the allegations of the
6  Complaint that Wells Fargo's attorney Reeves's statement regarding their modification application
7  being under review was made in the context of litigation, and also argue that, regardless, the
8  litigation privilege would not encompass a claim based on Wells Fargo's statutory duty to notify
9  them of the sale date. *Id.* at 5. Plaintiffs contend that the common interest privilege does not
10 apply because their claims are not based on Wells Fargo's "'mailing, publication, and delivery of
11 notices in nonjudicial foreclosure,'" but instead on its failure to provide such notice. *Id.* (quoting
12 *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 313 (2008)).

13       Plaintiffs argue that they adequately allege that Reeves's statement on behalf of Wells
14 Fargo was misleading for failure to disclose that Wells Fargo and NDeX intended to sell the
15 property three days later, and gave rise to a duty to disclose that fact, in addition to Wells Fargo's
16 statutory duty under section 2924(a). *Id.* at 6−7. They also argue that their allegation of
17 reliance—that they would have raised funds to pay off the mortgage if they had known of the
18 impending sale—is sufficient, and that their claim for deceit should therefore be allowed to
19 proceed. *Id.* at 7.

20       Plaintiffs contend that they should be excused from the requirement to tender their
21 indebtedness as a prerequisite to setting aside the trustee's sale because they did not receive notice
22 of the sale, and also contend that any presumption of reliance based on the trustee's deed is
23 rebuttable where, as here, the purchaser is an interested party. *Id.* at 7−8. For their wrongful
24 foreclosure claim, Plaintiffs argue that there is no requirement to tender the amount owed and that
25 they have adequately stated a claim for damages. *Id.* at 8−9. Plaintiffs also argue that the
26 purported fraudulent acts and statutory violations underlying their first three claims also give rise
27 to liability under the "fraudulent," "unlawful," and "unfair" prongs of the UCL. *Id.* at 9−10.
28 Plaintiffs' Opposition fails to address the Rule 9(b) pleading standard for claims grounded in

fraud.

In its Reply, Wells Fargo maintains that Renowitzky is not a proper plaintiff because Plaintiffs have not alleged that he had any ownership interest in the property. Wells Fargo Reply (dkt. 39) at 1−2. Wells Fargo argues that Reeves's statement can be inferred to fall within the litigation privilege because the First Amended Complaint identifies him as Wells Fargo's attorney and alleges that he made the statement on April 17, 2015, at which time the state court action was pending (as shown by documents subject to judicial notice). *Id.* at 2−3. Wells Fargo also argues that Plaintiffs have not adequately alleged various elements of their fraud claim, including Reeves's authority to act on Wells Fargo's behalf and Plaintiffs' reliance and ability to reinstate the mortgage, with the particularity demanded by Rule 9(b). *Id.* at 2−4. Wells Fargo contends that Plaintiffs have not provided authority showing that they should be excused from tendering the amount owed, and that failure to do so bars any claim to set aside the sale. *Id.* at 4−5. According to Wells Fargo, even if Plaintiffs could avoid the requirement of tender, neither Reeves's alleged statement nor NDeX's failure to provide notice of the postponed sale date constitutes the sort of illegal or fraudulent conduct sufficient to state a claim for wrongful foreclosure against Wells Fargo. *Id.* at 5. Wells Fargo's Reply does not address its original arguments regarding *res judicata* and the common interest privilege.

### III.   ANALYSIS

#### A.   Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

1   non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

2   Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

3   would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

4   1990). A complaint must "contain either direct or inferential allegations respecting all the material

5   elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.*

6   *Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

7   1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

8   of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9   (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

10  assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

11  Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient

12  factual allegations to "allow[] the court to draw the reasonable inference that the defendant is

13  liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).[2]

14        Rule 9(b) of the Federal Rules of Civil Procedure sets a heightened pleading standard for

15  claims based on fraud. "In alleging fraud or mistake, a party must state with particularity the

16  circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has held

17  that in order to meet this standard, a "complaint must specify such facts as the times, dates, places,

18  benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6

19  F.3d 666, 672 (9th Cir. 1993); *see also McMaster v. United States*, 731 F.3d 881, 897 (9th Cir.

20  2013). "[C]laims of fraud or mistake . . . must, in addition to pleading with particularity, also

21  plead plausible allegations." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637

22  F.3d 1047, 1055 (9th Cir. 2011). The heightened standard does not apply to "[m]alice, intent,

---

[2] Plaintiffs' Oppositions suggest that the plausibility standard set forth in *Iqbal* and *Twombly* is limited to "complex commercial cases and . . . one case against high-level executive branch officials related to September 11th." Opp'n to NDeX at 2−3; Opp'n to Wells Fargo at 2. Although the Ninth Circuit has recognized tension between those cases and the notice pleading standard previously applied, Plaintiffs' argument is contrary to authority. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (acknowledging tension but holding in a § 1983 case that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief); *see also, e.g., Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640−41 (9th Cir. 2014).

knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b).

"[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### B. Abandoned and Conceded Claims

NDeX explicitly concedes that *res judicata* does not apply to this case because the alleged material facts arose after Plaintiffs filed their state court action. NDeX Reply at 9. Wells Fargo's Reply declines to address the arguments raised in its Motion regarding *res judicata* and the common interest privilege. *See generally* Wells Fargo Reply. Wells Fargo also did not raise those issues at the hearing. The Court deems these arguments abandoned and does not address them further.

### C. Renowitzky's Standing

Wells Fargo is correct that the First Amended Complaint does not allege that Renowitzky has any ownership interest in the Property, because Plaintiffs plead only that he is *either* an owner *or* a resident. *See* FAC ¶ 10. The parties dispute whether that precludes Renowitzky from bringing this action.[3]

Plaintiffs cite *Miles v. Deutsche Bank National Trust Company*, 236 Cal. App. 4th 394 (2015), for the proposition that a non-owner resident can bring a wrongful foreclosure claim based on loss of possession of property. Opp'n to Wells Fargo at 3. In that case, a California appellate court reversed a trial court's grant of summary judgment on the basis that the foreclosed-upon plaintiff owed more than the home was worth—in other words, the loan was underwater—and therefore lacked any equity that could give rise to damages. *Miles*, 236 Cal. App. 4th at 407, 410. The appellate court held that the tort of wrongful foreclosure could give rise to other harms besides a loss of equity, such as moving expenses, lost rental income, and damage to credit, all of which could be cognizable as damages. *Id.* at 409−10. But *Miles* concerned an owner who simply owed more than the lender recovered in the sale—the court did not discuss the rights of non-owner

---

[3] Although the First Amended Complaint is equally vague as to Gallegos's ownership status, neither party disputes that Gallegos is an appropriate plaintiff.

residents. *See Miles*, 236 Cal. App. 4th at 409−10. When the Court raised this issue at the hearing, Plaintiffs failed to provide any authority for the proposition that a mere resident has standing to challenge a foreclosure.

On the other hand, Wells Fargo cites no authority holding that a person residing at the property with permission of the owner may *not* bring a claim for wrongful foreclosure based on damages associated with loss of possession. The only case that Wells Fargo cites for its argument on this point concerned complex corporate relationships involved in the rental of U-Haul trucks and trailers, and does not clearly speak to the issue at hand. *See generally U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986). Because Plaintiffs' claims must be dismissed for other reasons discussed below, and because Renowitzky's ability to bring these claims has no bearing on whether leave to amend should be granted at least to Gallegos, the Court declines to resolve on the present Motions the question of Renowitzky's interest. The parties should be prepared to address this issue in more detail if Plaintiffs file a second amended complaint, and Plaintiffs should, at the very least, allege whether Renowitzky is in fact an owner or merely an occupant.[4]

### D. Plaintiffs' Allegations of Fraud and Omission Do Not Meet the Rule 9(b) Pleading Standard

Much of Plaintiffs' First Amended Complaint is based on the premise that Defendants misled them as to the postponed sale date, and but for such misrepresentation or failure to provide notice, Plaintiffs would have raised funds to reinstate the mortgage. Because this theory is grounded in fraud, all of the claims arising from it are subject to the heightened pleading standard of Rule 9(b). For the reasons discussed below, the First Amended Complaint fails to plead with the requisite particularity that Defendants had a statutory duty to notify Plaintiffs of the postponed date, that Wells Fargo's attorney Reeves misled Plaintiffs as to the sale date on behalf of Wells Fargo, or that relied to their detriment on any deception as to that date.

---

[4] At the hearing, Plaintiffs' counsel acknowledged that Renowitzky has no recorded interest in the property. Plaintiffs note that a successor to a borrower may bring a claim for wrongful foreclosure, but have not alleged that Renowitzky is in fact such a successor. *See* Opp'n to Wells Fargo at 4. If they wish to pursue such a theory, they must include allegations to support it in a second amended complaint.

10

### 1. Statutory Notice Requirement

The only statute that Plaintiffs cite that would give rise to an affirmative duty for Defendants to provide notice of the postponed sale date is section 2924(a)(5). That provision states in relevant part that "whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary,[5] or authorized agent shall provide written notice to a borrower regarding the new sale date and time." Cal. Civ. Code § 2924(a)(5). As Wells Fargo correctly observes, *see* Wells Fargo Mot. at 14, the First Amended Complaint does not allege the date from which the sale was postponed. Given that the sale was originally scheduled for nearly a year before it actually occurred, *see* NDeX RJN Ex. 5, it might be reasonable to presume that the postponement was for more than ten days. On the other hand, even taking Plaintiffs' allegations as true, it is also possible that the final postponement—for which Defendants allegedly failed to provide notice—was merely the last of a series of delays, and was for shorter than ten days. If that is true, Defendants might have properly notified Plaintiffs of any earlier delays.

The Court need not decide whether it would be reasonable to infer that section 2924(a)(5) applies here under the lenient pleading standard of Rule 8(a). Because Plaintiffs' claims of lack of notice sound in fraud, Rule 9(b) applies requires Plaintiffs to allege with particularity Defendants' duty of disclosure. To the extent that Plaintiffs claims rest on section 2924(a)(5), they are DISMISSED with leave to amend if Plaintiffs can allege that the postponement was for at least ten business days.

Defendants are correct that section 2924(a)(5) also explicitly states that failure to provide notice of a postponement "shall not invalidate any sale that would otherwise be valid under Section 2924f." Cal. Civ. Code § 2924(a)(5). Plaintiffs therefore cannot base a claim to set aside the trustee's sale on a violation of section 2924(a)(5). Moreover, to the extent that Plaintiffs base their request to set aside the sale on other legal theories, but argue that failure to provide notice

---

[5] Wells Fargo's briefs could be construed as suggesting that this duty applies only to NDeX. *See, e.g.*, Reply at 5 (distancing Wells Fargo from "the alleged failure by the trustee to provide notice"). There appears to be no dispute that Wells Fargo is the beneficiary of the deed of trust in this case; accordingly, the plain language of the statute imposes a duty on Wells Fargo.

11

should excuse the normal requirement that Plaintiffs tender the amount owed, the Court agrees with Defendants that failure to provide notice of an *extension* under section 2924(a)(5) does not excuse the tender requirement. *See, e.g.*, *Dimock v. Emerald Props. LLC*, 81 Cal. App. 4th 868, 877−78 (2000) (discussing the standard requirement that "in the context of overcoming a voidable sale, the debtor must tender any amounts due under the deed of trust"). If Plaintiffs wish to pursue such relief, they must either tender the amount due or present some other exception to that requirement. Defendants have not, however, presented any authority that would prevent Plaintiffs from pursuing other relief, such as damages, for an alleged violation of section 2924(a)(5) if they are able to allege such a violation with the requisite particularity in an amended complaint.

### 2. Reeves's Alleged Misleading Statement and the Litigation Privilege

The other basis for Plaintiffs' claims regarding their lack of knowledge of the sale is Reeves's alleged representation that Plaintiffs' application for modification of the loan was under consideration. That allegation reads, in full, as follows:

> On or about April 17, 2015, Wells Fargo told Plaintiffs that their application for a modification of the Mortgage was still under review. Wells Fargo's attorney Dean Reeves, acting within the course and scope of his authority for Wells Fargo, told Plaintiffs that the modification of the mortgage was still under review.

FAC ¶ 12. Plaintiffs do not allege that the statement was actually false, but rather claim that it was misleading for failure to disclose that Wells Fargo and NDeX intended to sell the Property three days later, and gave rise to a duty to disclose that fact. *See id.* ¶¶ 13−16; Opp'n to Wells Fargo at 6−7.[6] Whether Reeves's representation is actionable, however, depends in part on whether it falls within the scope of California's litigation privilege.

Section 47(b) of the California Civil Code creates a privilege barring tort liability for communications made in connection with litigation. "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has]

---

[6] At the hearing, Plaintiffs' counsel conceded that there is no basis to attribute Reeves's statement to NDeX, and that any claim arising from the statement would therefore apply only to Wells Fargo.

12

some connection or logical relation to the action." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007) (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)). The privilege "has been given broad application," such that it is "applicable to any communication, whether or not it amounts to a publication . . . and all torts except malicious prosecution." *Silberg*, 50 Cal. 3d at 211−12. "[I]t applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* at 212.

Under Rule 9(b), a "complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In other words, Plaintiffs must plead "the who, what, when, where, and how of the misconduct charged." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). The allegation at issue here covers the "who," "what," and "when," of the allegedly misleading statement, but comes up short on the "how" for failure to discuss the circumstances in which Reeves allegedly made his statement.

Plaintiffs specifically allege that Reeves was acting as Wells Fargo's attorney at the time, *see* FAC ¶ 12, and acknowledge that the statement occurred after Plaintiffs had filed their state court action, *see* Opp'n to Wells Fargo at 4 ("The operative complaint in the prior action was filed much earlier, on December 10, 2014." (citing Wells Fargo RJN Ex. L)). The Court takes judicial notice that the state court action was pending at the time of Reeves's alleged statement. *See* NDeX RJN Exs. 12−15; Wells Fargo RJN Exs. L−O. At the hearing, the parties stipulated that Reeves was Wells Fargo's counsel of record in that litigation. There is therefore reason to believe from the face of the First Amended Complaint and materials subject to judicial notice that Reeves's statement might be protected by the litigation privilege. Taking into account that there would be no purpose in proceeding to discovery on this issue if, even under Plaintiffs' theory of the facts, the statement was protected, the Court holds that under these circumstances Rule 9(b) requires Plaintiffs to plead facts sufficient to determine whether Reeves made his statement in the context of the state court litigation such that it would fall within the scope of the litigation

privilege. To the extent that Plaintiffs' claims are based on Reeves's alleged statement, they are therefore DISMISSED for failure to satisfy the Rule 9(b) pleading standard, with leave to amend.

### 3. Reliance and Causation

Although Plaintiffs' failure to plead a fraudulent statement or omission with sufficient particularity is enough reason to dismiss their fraud-based claims, the Court also addresses the issues of reliance and causation. As with all other elements of a claim based on fraud, a complaint must plead reliance and causation with particularity. Fed. R. Civ. P. 9(b); *see, e.g.*, *In re Van Wagoner Funds, Inc. Secs. Litig.*, 382 F. Supp. 2d 1173, 1187−88 (N.D. Cal. 2004). For claims based on wrongful foreclosure, a plaintiff must allege that he or she could have stopped the foreclosure or otherwise avoided harm but for the alleged wrongful conduct. Here, Plaintiffs allege only that "[h]ad they received notice of the sale, they would have taken action to avoid the foreclosure sale, including, but not limited to, raising funds to reinstate the Mortgage." FAC ¶ 16. Given that Plaintiffs were apparently unable to meet their mortgage payments for an extended period leading up to the foreclosure, the conclusory allegation that a few days' notice would have allowed Plaintiffs to raise sufficient funds to repay the amount owed does not meet the requisite standards of plausibility and particularity. *See Cafasso*, 637 F.3d at 1055 (holding that claims based on fraud must meet both the plausibility and particularity standards). It is conceivable that Plaintiffs could have acquired the funds to reinstate the mortgage, but if so, they must allege more specifically how they would have done so.

### E. Claims Based on Conduct of the Sale

Plaintiffs allege that Defendants "violated Civil Code sections 2924f, 2924g, and 2924h by conducting the sale in a manner that discouraged or prevented competitive bidding." FAC ¶ 29; *see also id.* ¶ 17. Plaintiffs have not, however, alleged any facts regarding the manner in which Defendants conducted the sale. Even under the normal pleading standard of Rule 8(a), mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiffs have not alleged even the bare elements of these purported violations. Accordingly, to the extent that Plaintiffs' claims are based on the manner in which Defendants conducted the sale, they are

14

DISMISSED with leave to amend.

### F. Other Statutory Theories

Plaintiffs assert without meaningful explanation that Defendants violated section 2924g, which requires in relevant part that a trustee postpone a foreclosure sale if the borrower and lender reach a "mutual agreement" to do so. *See* FAC ¶ 28; Opp'n to NDeX at 6 & n.2; Opp'n to Wells Fargo at 8 & n.2; Cal. Civ. Code § 2924g(c)(1)(C). Although Plaintiffs could perhaps have been misled by Reeves's statement regarding Wells Fargo's review of their modification request, the First Amended Complaint does not plausibly allege any "mutual agreement" between Plaintiffs and Wells Fargo to postpone the sale. Any claim based on section 2924g is therefore DISMISSED. If Plaintiffs are aware of additional facts supporting such a claim, they may include them in a second amended complaint.

Contrary to Plaintiffs' assertion in the First Amended Complaint, section 2924g does not by its terms require a trustee or beneficiary to postpone a sale to review a modification application. *See* FAC ¶ 28; Cal. Civ. Code § 2924g. Wells Fargo concedes, however, in its Reply that "the alleged statement by Mr. Reeves, along with the subsequent sale of the property, might constitute 'dual-tracking' as prohibited by Civil Code § 2923.6"—a statute Plaintiffs have not addressed in any way—which would not warrant setting aside the sale but could give rise to damages. Wells Fargo Reply at 4 (also citing Cal. Civ. Code § 2924.12). Plaintiffs have not asserted such a claim in their First Amended Complaint or in either of their Oppositions, and the Court declines to read it into their pleading. If Plaintiffs are aware of facts sufficient to assert a dual-tracking claim, they may do so in their second amended complaint.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are GRANTED, and Plaintiffs' First Amended Complaint is DISMISSED with leave to amend. Plaintiffs may file a second amended complaint resolving the deficiencies discussed above no later than July 13, 2016.

The Court has separately granted Plaintiffs' counsel permission to withdraw. *See* dkt. 49. If Plaintiffs are not able to retain new counsel and wish to proceed pro se, they are encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San

Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: June 15, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge